Nott, J.,
delivered the opinion of the court:
The claimant originally enlisted in the Marine Corps, at Washington, in 1883. He was discharged at Mare Island, Cal., in 1886, but immediately reenlisted for a term of five years. In 1889 he was discharged at Washington, by order of the Secretary of the Navy, two years before his term of enlistment had expired, upon his own request. No condition upon his discharge was imposed by the Secretary, except that it was to be “upon settlement of his accounts.” He sought commutation or traveling expenses in place of transportation from Washington, the place of his discharge, to Mare Island, the place of his last enlistment. It was refused by the Second Comptroller upon the following grounds:
“ Since 1832 it has been the practice of the accounting officers' and the War Department to refuse in all cases traveling allowances to soldiers discharged at their own request and for their own convenience. The expression of the law “when a soldier is discharged from the service” has reference to aminvolun-tary discharge, and not to a case where the soldier is discharged upon his own request.”
The law upon which the claimant rests Ms demand is Be-vised Statutes, section 1290, which, as amended by the Act 27th February, 1877 (19 Stat. L., p. 244), is in these words:
“When a soldier is discharged from the service, except by way of punishment for an offense, he shall be allowed transportation and subsistence from the place of his discharge to the place of Ms enlistment, enrollment, or original muster into the service.”
The ambiguity of the statutewas broughtinto it by an amendment. Originally it read that “When a soldier is honorably discharged from the service he shall be allowed transportation,” etc. The act of 1877 struck out the word “honorably,” and introduced the words u except by wa/y of punishment for an offense.” As it now stands, it expressly declares one single exception, and seems to imply that in all other cases whatsoever the discharged soldier shall be allowed transportation and *347 subsistence from the place of Ms discharge to the place of his enlistment. The law and usage, therefore, from 1832 to 1877, were that a soldier should not receive transportation from the place of his discharge to the place of Ms enlistment if his discharge at that place was brought about by his own request. The usage, if not the law, since 1877 has continued to be that 'a soldier will not receive transportation unless the discharge was brought about by the expiration of the term of enlistment or by the voluntary action of the Government.
The term “honorably discharged” frequently appears in the statutes and in military orders and correspondence; but the form of the discharge given to soldiers does not use the term “honorable”'or “honorably,” or dishonorable or dishonorably. The Army Begulations, 1863,165,166, provided that blank discharges on parchment would be furnished from the Adjutant-General’s Office, and that the cause of discharge would be stated in the body of the discharge. It was therefore- -frequently a question with courts and accounting officers whether a soldier was or was not honorably discharged. In Kelly’s Case (5 C. Cls. R., 476-483), the Second Comptroller held “that the .document itself not saying whether the discharge was honorable or dishonorable, the fact must be determined by proof;” and beheld that the discharge was dishonorable; but the Adjutant-General certified that the instrument was in the usual form of discharge given to honorably discharged soldiers.
The amendment enacted by the act of 1877, in striking out the word “honorably” and at the same time inserting the words “except by way of punishment for an offense,” was undoutedly intended to relieve courts and accounting officers from the embarrassment of determining whether a discharge was honorable or dishonorable. The question now is whether the amendment did more than this — whether it overruled the rulings and usage of the accounting officers for a period of forty-five years and gave, or was intended to give, transportation to soldiers whose discharge at the time and place of discharge was of their own seeking — was a favor and not a right.
Whatever may have been the understanding of the comm.it-tee which reported the amendment or the members who voted for it, the court must take the intent of Congress as it stands expressed in the statute which they have made. As the law stood by departmental construction of more than forty-five *348 years of no questioned usage, a soldier bouorably discharged was entitled to transportation from the place of Ms discharge to the place of his enlistment, except in cases where he was discharged before the expiration of his term of enlistment at his own request. The amendment came and changed the law as thus administered. The reenacted law declares an exception which is not the exception of the Executive Departments. Hxceptio probat regulmn. Where a statute declares one exception, the judiciary can not declare that another was intended. Here the statute as amended declares that “ when a soldier is discharged from the service” “heshall be allowed transportation and subsistence from the place of his discharge to the place of his enlistment,” “ except” when his discharge is “ by way of punishment for an offense.” In this case the discharge not having been for the punishment of an offense, the case came within the rule and not within the exception.
The judgment of the court is that the claimant recover of the defendants the sum of $141.30.